IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JACKELINE QUILES-GONZALEZ<br>IRMA GONZALEZ-RODRIGUEZ<br>EDWIN COLON-DIAZ<br>Plaintiffs<br>vs<br>UNITED STATES OF AMERICA<br>JOSE SANTIAGO-GONZALEZ<br>DINA AVILA<br>LYNN DOBLE-SALICRUP<br>ROSA EMILIA RODRIGUEZ-VELEZ<br>BANCO BILBAO VIZCAYA ARGENTARIA<br>CITIBANK<br>BANCO POPULAR DE PUERTO RICO<br>BANCO SANTANDER<br>DORAL BANK<br>MR. DIONISIO RIVERA<br>MRS. JOYCE BRUNET-AMADOR<br>and DEFENDANTS X, Y, AND Z<br>Defendants | CIVIL 09-1401CCC |

## OPINION AND ORDER

Pending before this Court is the United States of America's (Defendant) motion to dismiss (**docket entry 11**), and Plaintiffs Jackeline Quiles-González (Quiles-González), Irma González-Rodríguez (González-Rodríguez), and Edwin Colón-Díaz's (Colón) (collectively Plaintiffs) response thereto (docket entry 12). Defendant replied (docket entry 18), and plaintiffs' sur-replied (docket entry 31).

On April 30, 2009, Quiles-González and González-Rodríguez filed this suit against defendant United States of America pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671, et seq. Supplemental claims were brought against defendants Banco Bilbao Vizcaya Argentaria (BBVA), several of its employees, and other unnamed defendants under 31 L.P.R.A., §§1801 and 1803. See Docket entry 1. According to Plaintiffs, federal employees from the Internal Revenue Service (IRS), and the Department of Justice worked together to obtain the

CIVIL 09-1401CCC                                        2

forfeiture of the documents and cash found in a safety deposit box registered under González-Rodríguez' name. See Docket entry 1 at 8.

On June 4, 2009, plaintiffs amended their complaint to add Colón-Díaz as a plaintiff, and asserting claims against movant and several other banks under the Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. §3401 et seq. See Docket entry 8. Plaintiffs allege that government employees obtained, and the banks provided, financial information without complying with the appropriate requirements under the RFPA. On August 3, 2009, the federal defendant filed a motion to dismiss, alleging that plaintiffs had failed to exhaust the administrative remedies set forth in the FTCA, specifically, that a claimant must first file an administrative claim with the appropriate federal agency, and only if the agency fails to make a final determination within six months after its filing may the claimant opt to deem the lack of response as a final denial. Defendant alleges that plaintiffs did not wait the six-month period allowed the Department of Justice to deny their claim and that the complaint is premature. See Docket entry 11.  Plaintiffs concede to the dismissal of the FTCA claims against Defendant.[1] However, plaintiffs contend that this Court has jurisdiction to consider the pending RFPA claims. See Docket entry 12. Defendant's reply avers that the Court lacks jurisdiction under the RFPA because the safety deposit box and its contents were not "financial records" within the meaning of 12 U.S.C. §3401(2). Docket entry 18.

The RFPA imposes liability upon agencies or departments of the United States or financial institutions for obtaining or disclosing financial records or information in violation of the procedures established therein. See 12 U.S.C. §3417(a). Defendant

---

[1] In due time, the Plaintiffs asserted, when they have exhausted all administrative remedies, they will further amend the Complaint to incorporate that cause of action. See Docket entry 12.

CIVIL 09-1401CCC                                3

argues that this Court does not have jurisdiction to entertain Plaintiffs' cause of action because, under the RFPA, safety deposit box contents do not constitute a "financial record."

The Court notes that the United States' arguments focus on the dismissal of the FTCA claims, which plaintiffs have conceded should be dismissed. In its reply, the United States incorrectly focused on the disclosure of the safe deposit box contents, which is the factual basis for the fourth cause of action under the FTCA, not for the RFPA's fifth cause of action. Given these circumstances, the Motion to Dismiss the RFPA claims against the United States is DENIED. However, upon examining the allegations of the Amended Complaint (docket entry 8), particularly its factual allegations against the United States and federal officials for violation of plaintiff Colón's rights under the RFPA,[2] a concern arises regarding the sufficiency of the factual allegations which requires that the same be addressed through a separate Show Cause Order to be issued to plaintiff Colón.

**Eo Nomine Defendants**

In its reply defendant also alleged that the causes of action under both the FTCA and the RFPA against government employees as individual defendants should be dismissed. See Docket entry 18. After reviewing the record, this Court notes that Plaintiffs' fourth cause of action, based on the FTCA, pleads a cause of action against the United States and "all the federal government employees from the IRS, the Department of Justice, and/or any other federal agency." See Docket entries 8 at 11. The amended complaint, amongst others, names defendants AUSA Dina Avila, former AUSA Lynn Doble, and United States Attorney Rosa E. Rodríguez Vélez. See Docket

---

[2] See Part II(A)(1) and Part III, Fifth Cause of Action. In the tendered Second Amended Complaint (see attachment to docket entry 37), the allegations related to the RFPA claims were not modified.

CIVIL 09-1401CCC                                         4

entry 8. The FTCA's jurisdiction conferring clause vests the district courts with "exclusive jurisdiction of civil actions on claims *against the United States* for money damages . . . for injury or loss of property, or personal injury of death caused by the negligent of wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." 28 U.S.C. §1346 (b) (emphasis added). Furthermore, the FTCA states that the authority of any federal agency to sue and be sued in its own name shall not be understood to authorize suits against the federal agency on claims which are cognizable under the FTCA. 28 U.S.C. §2676 (a). Thus, courts have consistently held that district courts lack jurisdiction as to federal agencies and their employees in cases brought under the FTCA statute. Armor Elevator Company v. Phoenix Urban Corp., 655 F.2d 19, 22 (1st Cir. 1981). Case law suggests, "it is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act Suit. Galvin v. Occupational Safety & Health Administration, 860 F.2d 181, 183 (5th Cir. 1988). See also De Jesús-Maldonado v. VAH, 2009 U.S. Dist. LEXIS 75588 (D.P.R. 2009). Accordingly, all claims based on the FTCA against the individual federal employees are **DISMISSED with prejudice.**

Meanwhile, Plaintiffs' fifth cause of action, based on the RFPA, is against the United States and "all federal employees involved in this matter...." See Docket entry 8. 12 U.S.C. §3417 (a) provides that "any agency or department of the United States or financial institution obtaining or disclosing financial records or information . . . in violation of this chapter is liable to the customer to whom such records relate...." Therefore, the RFPA does not impose liability upon the agency, department, or financial institution's employees or agents. See Liffiton v. Keuker, 850 F.2d 73, 78 (2d Cir. 1988). As a result, the RFPA claims against the individual federal defendants are **DISMISSED with prejudice**.

CIVIL 09-1401CCC  5

Lastly, since Plaintiffs' claims against Defendant are based upon the obtaining of Colón's financial information with several financial institutions, this Court finds that González and Quiles lack standing under the RFPA. The RFPA provides that any government agency or financial institution that violates the act "is liable to the customer to whom such records relate...." 12 U.S.C. §3417(a).  Since Defendants did not obtain Quiles and González' financial information, their claims against Defendant are **DISMISSED with prejudice**.

## CONCLUSION

In light of the above, the United States' Motion to Dismiss (**docket entry 11**) is **GRANTED** as to Plaintiffs' FTCA claims, and all claims against the United States and the individual federal defendants under said statute are **DISMISSED with prejudice**. Plaintiffs' RFPA claims against the individual federal defendants are similarly **DISMISSED, with prejudice**.  Moreover, Quiles and González' claims against the United States under the RFPA are also **DISMISSED, with prejudice**. However, plaintiffs' RFPA claims against the United States remain pending before the Court.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2010.

S/CARMEN CONSUELO CEREZO
United States District Judge